Freeman, J.,
delivered the following concurring opinion:
The question which I propose to- examine in this case is, whether tbe county court is authorized to- levy a tax on tbe people of Shelby to pay or increase the salary of the judges of these courts. If paid at all, it must be paid by taxation, and therefore the right to lay such a tax is necessarily involved.
By the constitution, tbe judicial power of tbe state is vested in one supreme court and such circuit, chancery, *516 and other inferior courts as the. legislature shall, from time to time, ordain and establish. Art. 6, sec. 1. By sec. 7 of said article, it is provided: “The judges of the supreme or inferior courts shall, at stated times, receive a compensation for their services, to be ascertained by law, which shall not be increased or diminished during the time for which they are elected. They shall not be allowed any fees or perquisites of office, nor hold any office of trust or profit under this state or the United States.” By art. 2, sec. 1, the powers of the state government are divided between the three departments — the legislative, executive., and the judicial. The officers in any one of the offices created or recognized, or provided for in these departments, is a state office, and his salary a charge on the treasury of the state, where a salary is provided by the constitution. That a broad distinction is made in the constitution between state and county officers, is shown by art. 7, sec. 1, entitled, “State and County Officers,” providing that “there shall be elected in each county, by the qualified voters therein, one sheriff, one trustee, one register; the sheriff and trastee for two years, and the register for four years.” Also- for the election, by the justices of the peace, a coroner and a ranger. Sec. 3 provides for the election of a treasurer or treasurers, and a comptroller for the state, thus showing the distinction of the two. classes of officers. — one county and the other state. In fact, this idea is found all through the constitution, and has been uniformly, we believe, acted on since the organization of the state. ~We deem this distinction one of some importance in the solution of the question before us. By art. 2, sec. 29: “The. general assembly shall have power to authorize the several counties and incorporated towns in this state to impose taxes for county and corporation purposes, respectively, in such manner, as shall be prescribed by law, and all property shall be taxed according to its value upon the principle established in regard to the state taxation.”
*517 The question turns mainly on this clause of the constitution. It clearly defines the powers of the legislature to authorize taxation by counties and incorporated towns— that is, for county and corporation purposes. And in this evidently recognizes these principles as distinguished from other purposes of taxation, not county and corporation, hut for the purposes of that larger corporation, the state. This is made clear by thp requirement that “all property when so taxed for these purposes shall be taxed according to its value upon the same principles established in regard to state taxation,” thus showing clearly that there is. state taxation — that is, taxes to. be levied by the state for state purposes, as contradistinguished from county and corporation, or local purposes. The state taxes for state purposes is provided for in the previous section 28, which provides that “all property, real, personal or mixed, shall be taxed, but the legislature may except such,” among other things, as shall be held by counties, towns and cities for “public or corporation purposes.” Thus, keeping up the idea -of the two kinds of purposes for Avhich property may be held and taxed, the one a state and the other county and corporation. These taxes being for general state purposes, are directed to be levied directly by the legislature, and the mode in which it is to be done prescribed by the constitution. In the other' case, the legislature is authorized to delegate a taxing power to the county and corporation, but is 'restrained in its authority thus to delegate except for county and corporation purposes, as distinguished from the larger and general purposes of the state, as contradistinguished from the local purposes of the county or corporation of a town.
This w^e think is clear and beyond question. It is maintained that counties are but local divisions of the state, parts of its political divisions, and as such their purposes are in fact state purposes. But is this what is meant by the language of the constitution? We think not. Bor if this *518 be so, the legislature had all the power necessary conferred by the 28th section, and the clause giving power to authorize counties and corporations to tax for county and corporation purposes was unnecessary.
It is 'said, however, substantially, that it is a matter of discretion with the legislature to designate what is a county and corporation purpose, and having authorized this tax, it is thereby levied by authority of the legislature, and by the same authority recognized as a proper county purpose. This .would leave the legislature unlimited 'power to authorize counties and corporations to levy all and any taxes the legislature might choose, for all and any purpose the body might designate, and thus the restriction of the constitution as to corporation and county purposes be rendered entirely nugatory. In this view, all taxes levied in pursuance of the act of the legislature by a county or corporation are necessarily valid and constitutional, whatever the purpose might be. We cannot see on this theory but that authority to levy a special tax in Shelby county for the payment of the public debt would not be as valid, if authorized by an act of the legislature, as the levy of one' to build a court house or a-poor house. This, it seems to us, would confound all the distinctions we have cited from the constitution between state and county, as having objects and purposes and organizations different the one from the other, officers belonging to each in their distinctive forms of existence, with official functions, the one state, the other local or county.
We admit it may be more or less difficult to define what is a corporation or county purpose,- so as to include all the objects for which a tax may be authorized. But this does not interfere with the other idea that it is not difficult to say what is a state purpose, and the proper’ object for the levy of the tax by the state by a general law for such purposes. We would say that as to salary of officers, all officers to whom it is provided in the constitution a salary shall be *519 paid, and be ascertained by law, are certainly state officers, and t-beir salaries to be met and paid by a fund derived from the general taxes laid upon the property of the people of the state. That it is legitimate and proper thus to> pay their salaries must be conceded by all, and has been the uniform practice of the state from its organization to the present time. If this be so, it is because it is a state purpose, involving the charge on the state treasury, and we think it follows of necessity, that being a state purpose it cannot be a county or corporation purpose at the same time, unless the two things so definitely distinguished in the constitution are interchangeable, or are but one and the same. Legislative construction furnishes a running commentary, based on the action of the government from its foundation to the present time on this question. "We find the salaries of the state officers all provided for out of the treasury of the state, such as the governor, judges and chancellors, comptroller and treasurer, with various other offices established or created by the legislature, such as inspector of penitentiary, superintendent of insane hospital, and other officers not necessary to be mentioned. It is true, in some cases, there, are fees of office as incidental compensation, but in no case is the burden of the salary of such offices treated as a county or local affair, or charged upon any local division of the state.
Our legislation on the subject of county purposes is equally distinct and clear on this subject. All burdens to be imposed on counties are to be met and provided for by the county court as the representative, legislative, and administrative body of the co-unty. These courts are authorized to build court houses and- public offices for county officers, jails for criminals, may provide for the support of the poor, lunatics and idiots, may pay justices of the quorum court, the county judge or chairman for purchasing tools for overseer of public road, and many other such cases.
These laws passed from time to time indicate with more *520 or less distinctness objects that are state purposes, and such as are county purposes, and as such confided to the management and control of the local governing body — the county court. For these county purposes it would be very difficult to provide a tax by a general law, as the state tax is levied because in one county the rate of taxation necessary to meet the demand on the treasury might be a small one, while in another county it might be as much as that required by the state. These county burdens being variable from year to year, the matter is referred to the county court as a body having charge of the affairs of the county, and best qualified to ascertain the annual demand on the local treasury, and to provide for meeting the same. Thus in these matters the duties that would otherwise fall on the officers of the state are distributed among the governmental subdivisions of the state, and while the machinery of the government is perhaps rendered somewhat more complicated in theory, practically it has far more, efficiency and is made readily to adapt itself to these precise and varied wants of the people of these local divisions of the state.
This being so, as long as these local divisions keeping-alive the peculiar and distinguishing feature of Anglo-Saxon freedom, that- of local self-government, with personal and official responsibility for official action to th© people immediately to bei affected by such action, shall remain so long, must remain the broad distinction between state and county purposes, and state and county officers having the administration and control of the one and the other.
In view of these principles, we think it clear that a judge of court established under the constitution of the state as a repository or part of its judicial power, required by the constitution to leave a fixed salary to be ascertained by law, can never be held to be a county officer in any constitutional sense, nor his salary a charge upon the county treasury, as a county purpose, for which the particular locality can be taxed by its county court. These judges are state *521 judges, and as sucb their salary must be paid by the .state, and not by the county, whose judges they are not.
It is ingeniously argued, however, that the county, of Shelby has a peculiar local interest in having these courts in securing the speedy administration of justice to her people. "We might say that she also has a very large local interest to be represented by the members of the legislature allowed her in the general assembly of the state. It would no doubt be deemed of the first importance to her local interest that she be able to command the services of her ablest men in the legislative body to represent her large wealth and local interests in which no other part of the state has special concern. A large increase of pay might enable men of the largest experience and ability to quit their private occupations and serve the people of the county in the legislature. Yet we take it none will contend that the county court could be authorized to levy a tax to pay the salary of these representatives. Certainly, if interest in the duties to be performed is a proper ground on which to make the pay of the officer a charge on the county, as a county purpose, this would be as strong a case as could be presented.
Without undertaking to say that the definition is full and complete for all practical purposes, we may assume a county purpose, in the clause of the constitution, is anything that appertains to the local administration of the county, peculiar to it as a county or quasi corporation. Such interest as, under the divisions of our state into these local self-governments, may well be administered by the local government, without affecting the interest of other parts of the state. In other words, local needs and exegen-cies are to be met and provided for by the local government, but general needs and wants are to be met and provided for by the state government, which has the control of the whole. Thé state government is over all, and governs by general laws, assessing and collecting its taxes by a general law fixing their rate throughout the state, while the local *522 or county taxation is authorized by the laws of the land, but its amount is to be regulated by the county court, varying from year to year as the local wants of the county may demand.
The judiciary of the state is one of the departments of the state government, organized for the whole state, provided for in the constitution, and a salary required to be ascertained and fixed by law, and therefore is not a local institution, but a state institution, for which the state must provide. It makes no part of the peculiar organization of a county, and is not one'of the interests confided to the management and control of the county, for which the county court is 'authorized to provide. Therefore, its support cannot be charged on the county, but is a burden on the state alone.
Numerous other objections might be stated to the views presented by counsel for the judges in this case. I am satisfied to rest my conclusions on the grounds stated in this opinion in connection with the opinion of my brother McFarland.